SCRIBNER, J.
The petition in this case alleges,in substance, that at adate stated, the parties, who then were, and still are, husband and wife, entered into an arrangement whereby they together purchased, at executor’s sale, certain premises described in the petition ; that it was agreed between them that each should pay a certain fixed proportion of the purchase-money, the exact amount to be paid by each being staged in the petition; that the legal title should be taken to the wife, and that to the extent and in the proportion of the purchase-money paid by the plaintiff, the wife should hold such title in trust for him. The petition further alleges that the terms of this agreement were carried out by the parties, so far as relates to the purchase, the payment of the purchase-money, and the conveyance of the legal title, but that the defendant, although recognizing his right until about three years since, now denies that the plaintiff has any interest in the property. The prayer of the petition is that the trust in his behalf may be established; that partition may be made, and an account taken of the rents and profits received by the defendant.
^The answer denies the alleged agreement, or that any trust *493 exists in behalf of the plaintiff, or that he has any interest in the lands.
1. The proof shows that the lands in controversy were the property of one Chauncey Norris, who died leaving the defendant his widow, and several children, some of them quite young. By his will he devised the lands to his wife for her life, remainder over upon certain conditions and trusts; the estate of the widow to terminate in the event- of her second marriage. She was married to the plaintiff about the year 1867, and shortly afterwards, upon a threat of proceedings in behalf of one or more of the devisees to assert their rights under the will, a plan was devised by counsel consulted by the husband and wife, to save the property. The widow elected not to take under the will. Proceedings were instituted by the administrator, in the probate court, for the sale of the property. An allowance of $900 was made to the widow for the year’s support of herself and her minor children. She was also allowed $1,000 for the then present value of her dower interest; also $600 for improvements made by her; in all $2,500. She bid in the property at the administrator’s sale, and turned in the above sum of $2,500 as part payment of the purchase-money. The deed was made to her. She executed a mortgage for the unpaid purchase-money, her husband, the plaintiff, joining therein ; but the liability recited therein was that of the wife; it does not appear that any other obligation was given for the unpaid purchase-money.
So far, then, no trust had attached to the lands. The case made is not one where the grantor conveys lands by deed absolute in form, and it is sought, by parol evidence, to engraft a trust thereon. Nor is it a case where lands, purchased and paid for by one person, have been conveyed to another, and it is claimed that a trust results and attaches to the lands at the very moment of the conveyance. But in the ease at bar the defendant, the wife, purchased and took the title to the lands. The only payment made on account of the purchase-price at that time, was made by her. The only obligation *494 given for the unpaid purchase-money was executed by her; the husband joining in the mortgage of the wife, as appears therein, merely to give it legal force and effect.
2., If, then, the plaintiff have any right or interest in these lands, it arises upon contract, and not by way of a trust attaching thereto at the time of the purchase and conveyance to the defendant. At that time the plaintiff had no interest in the lands. He had paid nothing on account of the purchase-money, nor had he hound himself to pay any part thereof.
Assuming that reliance may be placed upon the recollection of the attorney who managed the business, the arrangement, or agreement entered into between the parties, which was wholly in parol, was this: The defendant was to bid in the land and take the title; the $2,500, provided by the wife in the manner above mentioned, was to be applied upon the purchase-money ; the pax’ties were to x’aise and pay the balance of the purchase-money as they could, and were to have anintex1est in the lands in the proportion in which they respectively made such payments.
It will be observed that this arrangexnent did not contemplate or provide for the payment of any definite or specific part of the purchase-money by the husband, nor the acquisition of any definite or particular interest in the lands by him. It is true that the witness before mentioned states, that inasmuch as the means of the widow wore substantially exhausted by the' first payment, he supposed the balance would be paid by the husbaxxd; but this relates to the probabilities of the case, and not to the agreemexxt. Upon this testimony, thex’efoi’e, we have a pax’bl agreement, whereby the husband was thereafter to acquire such a proportionate interest in the lands as he might pay for.
Is this conti-act such an one as may be enforced, even in a court of equity? We think not. No trust arising or attaching, the plaintiff must stand entirely upon the contract relation existing between himself and his wife. The alleged contract was ixx parol. No possession was taken under it; *495 both husband and wife were occupying the premises at the time it was entered into, the then occupancy being in the right of the wife; the legal title was thereafter taken to the wife; there was no tenancy in common; there was no definite portion or proportion of, or interest in the lands, contracted for, or of which possession could be taken by the husband.
3. Again: There is not that fullness and certainty of proof required to establish a trust, or a parol contract for the sale of lands. That any such agreement was entered into is flatly and positively denied by the defendant. The plaintiff himself denies, in his testimony, that any arrangement was made whereby the title was to be conveyed to the wife. He states that he was to have an interest in the lands, and supposed for a number of years that the deed had been made to him, or that he was named in the deed. Although the attorney already referred to, testifies with some degree of confidence in behalf of the plaintiff, yet he gives only his best recollection, necessarily impaired and weakened by the lapse of time. The circumstances relied upon by the plaintiff to strengthen his case, appear to us to be weak, entitled to but little consideration, and may be said to be fully met by the testimony for the defense. Applying the strict rules of law obtaining in this class of cases, as to the evidence required to establish the alleged agreement, we are unable to find that any such agreement was made.
4. There is much uncertainty, also, in the testimony as to the amount paid by the husband on account of the purchase-price of the lands. That he paid something, we do not doubt. But we do not think it safe to assume that he paid all but the amount turned in by the widow at the date of the purchase. It is true that the mortgage was satisfied in December, 1869; but the itemized statement furnished shows how this was done. In part, the receipts of the plaintiff, as guardian of the infant heirs, were received. These heirs, as we gather from the testimony of the plaintiff himself, were in fact paid long afterwards, in part, at least, from the proceeds of the farm. *496 Notes tvere also given to tlie administrator, presumably for his fees. These instances are referred to simply as showing the difficulty, after so long a lapse of time, of ascertaining the amount paid by the plaintiff. Owing to his age and infirmities,' the recollection of the plaintiff as to these particulars is very little to be depended upon. He states that the defendant paid only $1,000 upon the land ; and this is the averment of the petition; also that the fees of the administrator Avere $1,000. These are among the statements Ave refer to as showing the frailty of his memory. He is unable to state with any degree of certainty the amount paid by him. As to the amount so paid, Ave are not, under the vieAvs above announced, called upon to determine. If he have any remedy therefor, it is not in this action. Whether or not, to the extent of the payments made by him, he is entitled to be subrogated to the rights of the mortgagee, is a question not arising in the ease, and has not been considered by us.
J. R. Bartlett and Mr. Gardner, for plaintiff.
J. H. Rhoades and Fineh & Deioey, for defendant.
The petition Avill be dismissed at the costs of the plaintiff.